THE STATE, Defendant in Error, v. GREENHALGH, Plaintiff in Error.

1. An indictment for an assault upon one J. C., with intent to kill, charging that J. G., the defendant, "with a certain gun, then and there loaded with gunpowder and divers leaden balls, which said gun he, the said J. G., then and there had and held in his hands, to, against and upon the said J. C., and then and there did unlawfully, feloniously, on purpose, and of his malice aforethought, the said gun did cock, raise and present, with the intent then and there unlawfully, feloniously, and of his malice aforethought, the said J. C. to shoot and kill; and that the said J. G. would have executed his said purpose and intent had he not been prevented and intercepted from so doing, contrary," &c., is sufficient.

*Error to Cooper Circuit Court.*

*Stephens* and *Davis*, for plaintiff in error.

I. The court erred in overruling the demurrer.  (State v. Jackson, 17 Mo. 544; State v. Leonard, 22 Mo. 449; 1 Chit. C. L. 249; 3 T. K. 106; 1 Chit. Pl. 227; Steph. Pl. 318 ; 7 Wend. 129; 10 Johns. 289.)

II. The court erred in overruling defendant's motion in arrest of judgment.  The provision of the statute upon which the indictment is founded does not include the use of fire-arms as an aggravated or indictable offence, unless a shot be fired.  (R. C. 1845, p. 350, sec. 34; Ros. Crim. Ev. 776; 1 Ros. on

Crimes, 720.) The offence charged is only punishable in a summary manner before a justice of the peace. (R. C. 1845, p. 672.) Neither count in the indictment charges the defendant "with an attempt to commit an offence," so as to bring the case within the provisions of article 9, sec. 1. (R. C. 1845, p. 408.) The only weapon charged to be used was a gun, yet no shot was fired. No count in the indictment attempts to charge that the gun was a dangerous or deadly weapon. (State v. Jourdan, 19 Mo. 212.) If the gun be charged to be used as a *fire-arm*, must there not be a shot fired also? And if the gun be charged in the indictment to be the instrument with which the assault is made, must the gun not be charged to be a deadly weapon, there being no shot or discharge of the piece averred?

*Ewing*, (attorney general,) for the State.

I. The indictment is sufficient. (R. C. 1845, p. 350, sec. 34.) The assault being charged as having been made with a *gun*, is a sufficient averment that the weapon was deadly. It is equally an assault with a deadly weapon, whether the gun is used in an attempt to *shoot* or *strike ;* and being a deadly weapon whether used in one mode or the other, the offence is properly charged when the indictment alleges an assault with a gun, without stating the manner in which it was attempted to be used. Courts will take judicial notice that a gun is a deadly weapon.

II. The objection to the indictment that the section of the statute under which it was framed excludes the use of fire-arms as an offence prohibited by it when no shot is fired assumes, 1st, that a gun is not a deadly weapon, except when used in shooting ; and 2d, that an assault by means of a gun could not be made in a manner likely to produce death or great bodily harm, unless in an attempt to *discharge* it, which is an absurdity.

RYLAND, Judge, delivered the opinion of the court.

The defendant was indicted for a felonious assault upon the body of John Crawford with a gun with an intent to kill. The

defendant appeared to the indictment and filed his demurrer, which was overruled ; he then pleaded not guilty—was tried and convicted. He then filed his motion in arrest of judgment, which being overruled he brings the case here. There are five counts in this indictment. The third count is as follows : "And the jurors aforesaid, upon their oath aforesaid, do further present, that the said James Greenhalgh, late of said county of Cooper, on the twenty-fourth day of September, in the year of our Lord one thousand eight hundred and fifty-five, at the said county of Cooper, with force and arms, in and upon one John Crawford, in the peace of the state then and there being, unlawfully and feloniously an assault did make : and that the said James Greenhalgh, with a certain gun, then and there loaded with gunpowder and divers leaden balls, which said gun he, the said James Greenhalgh, then and there had and held in his hands, to, against and upon the said John Crawford, and then and there did unlawfully, feloniously, on purpose and of his malice aforethought, the said gun did cock, raise and present, with the intent, then and there unlawfully, feloniously, and of his malice aforethought, the said John Crawford to shoot and kill ; and that the said James Greenhalgh would have executed his said purpose and intent had he not been prevented and intercepted from so doing, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state."

We think this indictment sufficiently sets out the offence in this third count. In this count, we see it is substantially, although awkwardly averred, that the defendant made the assault, and then, going on to specify the manner in which it was done, charges that he raised and presented his loaded gun against the said John Crawford, and would have killed him had he not been prevented ; this we think substantially an allegation that he made an assault with a loaded gun, in the manner detailed in the indictment. This count then being considered good is sufficient to support the judgment. This indictment is not like the indictment in the case of the State v. Jourdan, 19

Mo. 212. The indictment of Jourdan, upon a close inspection, will be found to contain no charge; it is all recital; no assault is charged to have been made by the defendant with the pistol with intent to kill. In the indictment against Jourdan, after the first general averment of an assault being made, the pleader avers as follows : "And that the said Charles Jourdan, with a certain deadly weapon," &c. Now ask the question, what did said Jourdan do with that certain deadly weapon ? and you will see that the indictment omits to state what ; omits to aver or state that he made an assault on Laughton. The pleader has done nothing more than recite certain matters, without making the charge that Jourdan made the assault with the pistol on Laughton. Here against Greenhalgh the charge is different. He is charged with the fact that he raised and presented his loaded gun against the prosecutor, and that he would have killed him had he not been prevented.

We think the third count sufficient, and that the judgment should be affirmed. The other judges concurring, it is affirmed.