State v. Chumley.

THE STATE v. CHUMLEY *et al.*, *Plaintiffs in Error.*

1. **Assault to Kill**: STATUTORY OFFENSE: REQUISITES OF INDICTMENT. An indictment under section 32, p. 449, Wag. Stat., for an assault with intent to kill, need not state what weapon was used in making the assault. The offense being a statutory offense, the indictment is good if it describes it in the language of the statute.

2. **Assault to Maim and Kill**: MAYHEM: RULES AS TO CONVICTIONS. The rule that where it appears that a crime has actually been perpetrated, no conviction can be sustained for an attempt to perpetrate it, is not applicable to a case where one indicted for an assault with intent to maim, disfigure and kill, is convicted of an assault with intent to kill, upon evidence which proves an actual mayhem. The conviction of assault with intent to kill amounts to an acquittal of assault with intent to maim.

3. **Practice, Criminal**: AMENDMENT OF VERDICT. It is not error for the trial court, at the suggestion of the prosecuting attorney, to allow the jury, before they are discharged, in open court and in the presence of defendant and his counsel, to make a formal correction in their verdict, so as to make it conform exactly to what they have found.

*Error to Gasconade Circuit Court.*—HON. A. J. SEAY, Judge.

*Lay & Belch* for plaintiffs in error.

1. The instrument, with which the assault was made, or the manner of making the assault, should be set out in the indictment. *Beasley v. State*, 18 Ala. 535; *State v. Johnson*, 11 Texas 22; *People v. Davis*, 4 Parker Cr. Ct. 61; 1 East P. C. 419.

2. The verdict was changed in matter of fact material; this cannot be done. *State v. McBride*, 19 Mo. 239; *Whitehead v. State*, 10 Ohio St. 449; *Malton v. People*, 15 Ill. 536; 6 Ala. 483; *Prince v. State*, 35 Ala. 367; *Commonwealth v. Robey*, 12 Pick. 496; *State v. Thompson*, 30 Mo. 470; *State v. Brown*, 60 Mo. 141.

3. The proof of the actual commission of the felonious maiming and disfiguring, charged in the indictment, renders the verdict upon this indictment, charging the felonious assault with intent a nullity under our statute. 1 Wag. Stat., p. 511, § 2.

*J. L. Smith*, Attorney-General, for the State.

Duplicity in an indictment is cured by a verdict of guilty on one of the offenses charged, and not guilty on the other, and moreover such objection can only be taken by demurrer or motion to quash, but not at a later stage of the proceedings. 1 Whart. Crim. Law, Sec. 395; *Commonwealth v. Tuck*, 20 Pick. 356; *Hilderbrand v. State*, 5 Mo. 548. Besides, the alleged defect would be cured by our statute of jeofails, which provides that "no indictment shall be held invalid, for any surplusage or repugnant allegation when there is sufficient matter alleged to indicate the crime and person charged." 2 Wag. Stat., p. 1090, § 27. No objection was made to the action of the court in

permitting the prosecuting attorney to change the verdicts as set out.

HENRY, J.—At a special term of the Gasconade circuit court, held in July, A. D. 1875, defendants were jointly indicted and tried for a felonious assault upon one Joseph Coulter. The indictment contained two counts, one under the 29th and the other under the 32nd section, Wag. Stat., p. 449. The second count of the indictment alleged that defendants, on the 23rd day of June, 1875, at, &c., upon the body of one Joseph Coulter, unlawfully, willfully and feloniously did make an assault, with intent him, the said Coulter, then and there feloniously, willfully and unlawfully to maim, disfigure and kill. No motion to quash was filed, but on a motion in arrest, the objections now urged were made to the indictment. First, that the indictment should have set out the manner in which the assault was made, and the weapon used.

The offense charged was a statutory offense, and it is generally sufficient in such cases to describe the offense in 1. ASSAULT TO KILL: the language of the statute. An indictment, statutory offense: requisites of indictment under the 29th section must state the instrument or means employed, but under section 32 this is not necessary. This proposition we think sustained by *Beasely v. The State*, 18 Ala. 535, cited by appellants' counsel. The court there said: The rule is, that when a statute creates a new offense, and describes its ingredients, it is sufficient in an indictment to describe the offense in the language of the act. That was an indictment for an assault with intent to commit murder, and the court held that it was not a statutory offense, and that it must be described as at common law.

Here the evidence showed that one of the defendants, with a knife, inflicted a severe wound upon Coulter's 2. ASSAULT TO MAIM AND KILL: mayhem: rules as to convictions. arm, and it is contended that, therefore, a verdict of guilty of an assault with intent to kill should not be permitted to stand, because there was an

actual commission of the offense of mayhem, and that, when one is indicted for an assault with intent to commit a crime, and the evidence shows the crime actually committed, he cannot be convicted of an assault with the intent to commit that crime. Conceding that to be the law, the defendants were not found guilty of an intent to maim, but, on the contrary, the authorities cited by appellants' counsel hold that the verdict of guilty of an assault with intent to kill amounts to an acquittal of an assault with intent to maim. When several intents are charged, as in this indictment, proof of one is sufficient to warrant a conviction; and while an intent to maim was charged, no such intent was proved, or found by the jury, and the fact that Coulter was maimed, no more entitled defendant to an acquittal, than if an intent to maim had not been charged in the indictment, but only an intent to kill. If, in an assault with intent to kill the person assaulted be actually maimed, proof of such maiming will not prevent a conviction of an assault with intent to kill. Counsel argue that, " if there is a consummation of one of the intents, then, because the defendants may have intended also the consummation of the other intent, it will not warrant a conviction of an assault with intent." If the evidence had proved, or the jury had found a specific intent to maim, there would be some plausibility in the argument; but as that intent was neither proved nor found by the jury, but on the contrary, the jury found that there was no such intent, the fact that in assaulting with intent to kill they actually maimed, leaves the case as if the indictment had only been for an assault with intent to kill. Sec. 2, Wag. Stat., 511, has no application here. That provision is that, " no person shall be convicted of an assault with intent to commit a crime, or of any other attempt to commit an offense, when it shall appear that the crime intended, or the offense attempted, was perpetrated by such person at the time of such assault or in pursuance of such attempt." It is sufficient to say that these defendants were not convicted of an assault

with intent to maim, but were acquitted of any such intent.

The jury returned a verdict finding defendants " guilty on the second count in the manner and form as therein **3. PRACTICE CRIMI-** set forth," and assessed the punishment of **NAL: amendment of verdict.** Samuel at a fine of $100 and imprisonment in the county jail for a term of three months, and that of John at two years imprisonment in the State penitentiary. At the suggestion of the prosecuting attorney the verdict was changed by inserting the words " with intent to kill," so that it read : " We the jury find the defendants guilty of an assault upon Joseph Coulter with intent him to kill in manner and form as charged in the second count of the indictment, and assess, &c." The trial of the defendants was for an assault with intent to kill. The instructions of the court to the jury, were confined to that charge in the indictment. There was not a particle of evidence that defendants only intended to maim. The court gave no instructions in regard to mayhem, or upon any other intent alleged in the indictment, except the intent to kill. The correction of the verdict was made in open court before the jury was discharged. The amended verdict was signed by the foreman in the presence of his fellows, and, at the instance of defendants' counsel the jury was polled, and each member declared the amended verdict to be his verdict. It was but a formal correction, making the verdict conform exactly to what the jury found, and the court did not commit error in allowing it to be made. The instructions are not here complained of, but they correctly declared the law. All concurring, the judgment is affirmed.

AFFIRMED.