## THE STATE v. SCHLOSS, *Appellant.*

1. **Criminal Law** : ASSAULT WITH INTENT TO KILL : INDICTMENT, CON-CLUSION OF. An indictment for an assault with intent to kill, under section 1262, Revised Statutes, which concludes, "against the peace and dignity of the state, and contrary to the form of the statute in such cases made and provided," is not violative of section 38, of article 6, of the constitution, which provides that all indict-ments shall conclude with the words, "against the peace and dignity of the state." The words, "and contrary to the form of the statute," etc., may be rejected as surplusage, and the indict-ment will still be good.

2. ——— : ——— : INDICTMENT. An indictment which charges that defendant did, feloniously, on purpose, and of malice aforethought, make an assault upon one H., and did, then and there, with a deadly weapon (describing the same) feloniously, etc., cut, beat, and wound H., then and there giving him one wound (describing it), with the intent, feloniously, etc., to kill him, the said H., sufficiently charges an assault with intent to kill. It was not necessary, in the clause charging the assault, to say that it was made with in-tent to kill, as the intent is clearly charged in the subsequent allegations, and the transaction set out is, by the very terms of the indictment, to be taken as a whole.

3. ——— : ——— : CONVICTION OF LESSER OFFENCE. One charged with assault with intent to kill may be convicted of assault and battery, though it is but a misdemeanor. (R. S., secs. 1265, 1655).

4. ——— : ——— : SIMPLE ASSAULT. The use of a deadly weapon in a manner likely to produce death, makes out a *prima-facie* case of an intent to kill, and where no effort is made to overcome such *prima-facie* case, except by showing that the defendant acted in self-defence, an instruction for a simple assault should not be given.

*Appeal from St. Louis Criminal Court.*—HON. G. S. VAN WAGONER, Judge.

AFFIRMED.

*Martin & Fauntleroy* for appellant.

(1) The indictment is fatally defective in that it does not conclude, "against the peace and dignity of

the state," as the constitution expressly provides it shall. Const. of Mo., art. 6, sec. 38. (2) The indictment will not support a conviction for an assault with intent to kill, since it does not allege that the assault was made with intent to kill. (3) It was clearly erroneous in the court to fail to instruct in this case for a common assault, as well as for an assault with intent to kill.

*B. G. Boone*, Attorney General, for the state.

(1) The indictment is drawn upon section 1262, Revised Statutes, formerly section 29, General Statutes, and contains all the formal and necessary allegations to properly charge an assault with intent to kill. *State v. Burk*, 89 Mo. 637; *State v. Mathews*, 88 Mo. 123; *State v. Jones*, 86 Mo. 623. (2) No objections were made or exceptions saved to the admission or exclusion of evidence, and the testimony will not be reviewed. *State v. Burk*, *supra*, and cas. cit.; *State v. Mills*, 88 Mo. 417. (3) The instructions properly declare the law. The first is the formal instruction under the indictment, and clearly defines the crime under section 1262, Revised Statutes. *State v. Jones*, 86 Mo. 623. The second is drawn under section 1263, Revised Statutes, defining a felonious assault without "malice aforethought," and is correct. *State v. Sears*, 86 Mo. 169; *State v. Mathews*, *supra*. The third, fourth, fifth, and sixth, define the technical words constituting the elements of the crime charged, and are proper definitions. The seventh defines the authority of Hodnett, as deputy constable, in serving the writ of replevin, viz., "that he had the right, as such officer, to use such force and violence as was necessary, but no more than was necessary, to accomplish the execution of said writ." *State v. McNally*, 87 Mo. 659. The eighth properly defines the doctrine of self-defence under the evidence. *State v. Jones*, 78 Mo. 278; *State*

*v. Thomas*, 78 Mo. 339. The ninth properly declares the law as to vile or abusive language, not justifying an assault. *State v. Griffin*, 87 Mo. 608. The tenth is as to the credibility of defendant's testimony. *State v. Cook*, 84 Mo. 40. The eleventh is as to the evidence tending to establish good character, and is in the form heretofore approved by this court. *State v. Kilgore*, 70 Mo. 547; *State v. Swain*, 68 Mo. 605. The twelfth is as to the presumption of innocence attending the defendant throughout the trial, and has, in like words, received the sanction of this court. *State v. Jones*, 86 Mo. 623. The thirteenth is the usual instruction in regard to the jury's province as to the credibility of witnesses. *State v. Jones, supra*. (4) Although indicted under section 1262, Revised Statutes, for assault with intent to kill, a conviction for a lesser offence was not improper. R. S., sec. 1655; *State v. Burk*, 89 Mo. 635.

BLACK, J.—The defendant was indicted under section 1262, Revised Statutes, for an assault with intent to kill William Hodnett. She was found guilty under the succeeding section, and her punishment was fixed at a fine of one hundred dollars.

1. Objection is made to the indictment because it does not conclude, "against the peace and dignity of the state." The thirty-eighth section of article six, of the constitution, declares that all indictments shall thus conclude. The present indictment concludes, "against the peace and dignity of the state and contrary to the form of the statute in such cases made and provided;" so that the real objection is, that the constitutional words are followed by the words, "and contrary to the form," etc. In the cases of *State v. Lope*, 19 Mo. 255, and *State v. Pemberton*, 30 Mo. 376, neither the constitutional words, nor words of like import, were used in the concluding portion of the indictments, and hence, the in-

dictments were held to be bad. But in *State v. Hays*, 78 Mo. 600, the addition of the words, "of Missouri," was held to furnish no valid ground of objection to the indictment. Under like constitutional provisions in other states, a literal compliance with the formula is not required, and it is generally said redundant words, not affecting the sense, may be rejected. *Zarresseler v. People*, 17 Ill. 101; *Anderson v. State*, 5 Ark. 444; *State v. Kean*, 10 N. H. 347. Under our statute, an indictment will not be held bad because it fails to state the offence to have been contrary to the statute, and this, too, though the offence may have been created, or the punishment declared by statute. R. S., sec. 1821. The words, "and contrary to the form," etc., may, therefore, be rejected as surplusage, and the indictment will be good; and so it has been ruled by the court of appeals in a like cause. *State v. Waters*, 1 Mo. App. 9.

2. The point made, that the indictment does not allege that the assault was made with intent to kill, is not well taken. After stating that the defendant did, upon Hodnett, feloniously, on purpose, and of her malice aforethought, make an assault, it proceeds to state that she did, then and there, with a piece of iron ( describing it ), the same being a deadly weapon, feloniously, etc., strike, cut, beat, and wound Hodnett, then and there giving him one wound (describing the same), with the intent, feloniously, etc., to kill him, the said Hodnett. The indictment, it will be seen, first alleges the assault, and then proceeds to state the battery. It is not necessary, in the clause charging the assault, to say it was made with intent to kill; the intent to kill is clearly charged in the subsequent allegations, and the transaction set out is, by the very terms of the indictment, to be taken as a whole. As a battery includes an assault, there is good authority for saying that the allegation of an assault might be omitted, but however that may be,

this indictment, in the respect under consideration, comes up to the approved form. 2 Bishop Crim. Proc., secs. 57, 512; *State v. Greenhalgh*, 24 Mo. 373.

3. The court gave instructions as to an assault with intent to kill, both with and without malice aforethought, and upon the subject of self-defence. Some objections are made to these instructions, but we find nothing in them which needs any special consideration. There is an objection made here that the court failed to give any instruction as to a simple assault and battery. By the Revised Statutes of 1879, one charged with an assault with intent to kill may be convicted of such lesser offence, though it is but a misdemeanor. Sections 1265 and 1655. This objection necessitates a brief statement of the evidence. Hodnett, a deputy constable, in company with two other persons, went to the house of Stephen Schloss, defendant's husband, to execute a writ of replevin. Hodnett, in substance, says: "I attempted to read the writ, but he refused to listen. When I finished reading, the two persons with me began to carry out the goods. Mr. and Mrs. Schloss caught hold of the goods, and I endeavored to stop Mr. Schloss, when he remarked, 'I have one of those things too,' and went to the safe and got a revolver. I then drew my revolver. He started to the door to close it, and I followed him. When he reached the door, I got hold of him; he picked up a bar of iron, and while we were struggling, his wife ran up and struck me with a piece of iron eighteen or twenty inches long, inflicting a wound upon my head about four inches long."

Defendant testified that her husband did not understand the paper; that he proposed to go and get some one to explain it in German, when Hodnett cursed him and threatened to shoot him, if he moved. She asked Hodnett who he was, and he said he was a constable, and she said he had no right to abuse her husband;

that Hodnett then got mad and struck her several times, knocking her down on a pile of iron; that he then caught her by the throat, and pointed a pistol at her, and she reached out, got the iron, and hit him on the head.

If the defendant's statement, which is corroborated by the servant-girl, be true, then she had a right to do as she did; nor was it necessary that she should be at all choice in the selection of the weapon. But the jury must have found that her statement of the transaction was not true. Two other witnesses for the state testified that, when Schloss and Hodnett were struggling with each other, the defendant ran up and struck Hodnett with a piece of iron, which, one of them says, was eighteen or twenty inches long, one or two inches wide, and three-eighths of an inch thick. Bishop says, if a deadly weapon is employed, neither with direct aim nor in a manner likely to be deadly, in the particular instance, it is not to be legally regarded, in the particular instance, as deadly. 2 Bishop Crim. Law, sec. 681. But in this case the defendant gave the blow on purpose and with a direct aim. On all the evidence the weapon used must be regarded as a deadly one. It was used in a manner likely to produce death, and the only explanation of such use is, that it was in self-defence.

Without any other or further explanation, we do not see how the court could have given an instruction as to a simple assault. The use of a deadly weapon, in a manner likely to produce death, makes a *prima-facie* case of intent to kill. No effort was made to overcome that *prima-facie* case, except by showing that the defendant acted in self-defence. Under these circumstances, we are of the opinion there was no error in failing to instruct as to a simple assault. No suggestion was made to the court of the propriety of giving such an instruction, and the case was not tried, either by the state or

defendant, on any such theory. Had the indictment been drawn for an assault in resisting the execution of legal process, under the same section that it is drawn, no such question would have arisen; still there is no error in the record, and the judgment is affirmed. All concur.