## No. 263.

### THE STATE OF LOUISIANA VS. WESLEY SMITH.

An indictment under Sec. 792, R. S., which charges the accused "with wilfully, feloniously, and of his malice aforethought, with a dangerous weapon, to-wit: a gun, assault one Coleman Franklin with intent then and there to murder," is sufficient, and covers the offense of an assault with intent to murder. The words with a dangerous weapon are surplusage. It was unnecessary to set out the manner in which the assault was made.

The indictment is sufficiently distinct, as the meaning is clear that the assault was made on Coleman Franklin with intent to murder him.

There is but one offense charged in the indictment, and the use of the words with a "dangerous weapon" does not create two offenses in the same count.

APPEAL from the Third District Court, Parish of Claiborne.
*Barksdale*, J.

*E. H. McClendon* and *J. Henry Shepherd*, District Attorneys, for the State, Appellee:

An indictment which alleges that "a man wilfully, feloniously and of his malice aforethought, with a dangerous weapon," to-wit: a gun, "assault one B., with intent then and there to kill and murder," charges an assault with intent to murder, under Sec. 792 of R. S., State vs. Evans, 40 Ann. 216.

An indictment for an assault with intent to murder, and not set forth neither the mode of assault nor the weapon with which it was made. State vs. Jackson, 37 Ann. 467; State vs. Williams. 38 Ann. 371. Section 792 of R. S. defines two distinct offenses, one assaulting by wilfully shooting at; the other, assaulting with intent to commit murder. State vs. Simein, 36 Ann. 923.

*J. A. Richardson, J. W. Holbert* and *C. W. Seals* for Defendant and Appellant.

The opinion of the Court was delivered by

McENERY, J. The defendant was indicted under Section 792, R. S.,

tried, found guilty and sentenced to two years' imprisonment at hard labor.

From the verdict and sentence he appeals.

For a reversal of the judgment he relies on his motion in arrest of judgment upon the following averments :

1. The indictment charges no offense.

2. It does not charge how the assault was made.

3. The indictment is bad for uncertainty, as it does not charge the intent to kill and murder any particular person, particularly Coleman Franklin, the prosecutor.

4. The indictment is bad for duplicity, as it charges two offenses in the same count.

Section 792, R. S., provides for several distinct and separate offenses :

1. An assault by wilfully shooting at.

2. An assault to commit murder; an assault to commit rape; an assault to commit robbery, each punished by imprisonment at hard labor, not exceeding two years.

The indictment charges the defendant with the assault to commit murder, as follows :

"That Wesley Smith did, wilfully, feloniously, and of his malice aforethought, with a dangerous weapon, to-wit: a gun, assault one Coleman Franklin with intent then and there to murder."

The indictment covers the offense charged in the statute an assault with the intent to murder. The words, "with a dangerous weapon," are mere surplusage, and this omission from the indictment leaves the one offense distinctly and specifically charged without duplicity, as alleged in the motion in arrest of judgment. The indictment contained all that was necessary, in fact more than was required, to inform the defendant of the offense with which he was charged, and upon which a verdict of guilty could be returned. It was unncessary in the indictment to set forth the manner in which the assault was made. State vs. Williams, 38 Ann. 372.

The language used in the indictment is unequivocal. It distinctly charges that Wesley Smith assaulted Coleman Franklin with the intent to kill and murder. The failure to repeat the name of Coleman Franklin after the words "kill and murder," does not alter the evident meaning.

We, therefore, conclude that the indictment fully covered the offense an assault with intent to murder, as desrcibed in Section 792, R. S., that the indictment charged but one offense, the assault upon Coleman Franklin with the intent to kill and murder him.

Judgment affirmed.