## THE STATE v. ARTHUR SPAUGH, Appellant.

Division Two, November 20, 1906.

1. **ASSAULT WITH INTENT TO KILL: Information: Surplusage.** The words "on purpose" and "a deadly weapon," used in an information charging assault with intent to kill, should be treated as surplusage.

2. ————: **Evidence of Physician: Weapons: Intent.** No error was committed in permitting an experienced physician, who saw and dressed the wounds of the prosecuting witness a few minutes after their infliction, to testify that "knucks when applied to the head and body would be a deadly weapon." This evidence was admissible for the purpose of showing that the assault was made with intent to kill, and that an instrument was used which was adequate for the accomplishment of the purpose intended.

3. ————: **Evidence: Carrying Pistol.** Evidence that defendant had a pistol upon his person at the time he made the assault was admissible as tending to show the character of the man, and that he was prepared for any emergency which might arise on such an occasion.

4. ————: **Excessive Verdict.** The verdict imposing a punishment of two years in the penitentiary for assault with intent to kill, is not, under the evidence in this case, excessive or cruel.

Appeal from Iron Circuit Court.—*Hon. E. M. Dearing, Judge.*

AFFIRMED.

*Herbert S. Hadley,* Attorney-General, and *N. T. Gentry,* Assistant Attorney-General, for the State.

(1)   The information, which was duly sworn to by the prosecuting attorney, is sufficient.   It follows the language of the statute, and the approved form; the second count was the one upon which defendant was convicted.   State v. Chumley, 67 Mo. 41; State v. Seward, 42 Mo. 206; Kelley's Crim. Law, sec. 579. (2) No error was committed by the trial court in admitting the evidence of Dr. Marshall to the effect that, in his opinion, a pair of brass knucks was a deadly weapon.   State v. McLaughlin, 149 Mo.* 27.   Neither was error committed in permitting the State's witnesses to testify that defendant had a pistol at the time he committed this assault.   True, defendant was not charged with assaulting Ake with a pistol, but rather with a pair of brass knucks; but all that the defendant did and said at the time of the commission of the alleged crime was admissible as a part of the *res gestae.* State v. Dettmer, 124 Mo. 433; State v. Nelson, 166 Mo. 202; State v. Pennington, 124 Mo. 388.   (3)  Two years in the penitentiary is neither excessive nor cruel punishment for a defendant who commits an uncalled-for assault on a citizen upon a public street of a Missouri town, and inflicts painful injuries on his head, neck and face with a pair of brass knucks.

BURGESS, P. J.—At the October term, 1904, of the circuit court of Iron county the defendant was convicted of an assault with intent to kill one Frank P. Ake, and his punishment fixed at two years imprisonment in the penitentiary, under an information filed against him by the prosecuting attorney of said county. He appeals.

The facts are, substantially, that Ake was passing

a livery stable in Ironton, on his way to the railroad depot in that town, when defendant, who was there, said to Ake that he could whip him. After some words between the parties, Ake went on to the depot, and upon his return he again passed the livery stable, in front of which the parties again met, and after a few words passed between them of an unfriendly character, defendant assaulted Ake, striking him several times on the neck and face with a pair of brass knucks. When Ake left defendant and started on in the direction he had been traveling, defendant followed him some sixty or seventy yards, and again assaulted him, struck him several blows, knocking him down twice and inflicting upon him several bruises and painful injuries.

Defendant is not represented in this court, but in a motion in arrest filed in the court below the point is made that the information is insufficient in that it does not charge defendant with any crime known to the law. The second count of the information under which defendant was convicted is based upon section 1848, Revised Statutes 1899, and is in substantial compliance with that section. It is true that it unnecessarily uses the words "on purpose" and "a deadly weapon," but these words may be treated as mere surplusage (Kelley's Criminal Law and Practice, sec. 579, p. 381; State v. Seward, 42 Mo. 206; State v. Chumley, 67 Mo. 41), and there will still remain a complete and sufficient description of an offense as designated in section 1848, supra.

The instructions seem to be free from substantial objections.

It is asserted in the motion for new trial that the court erred in permitting Dr. J. Marshall, a witness for the State, to testify over the objection of defendant that "knucks when applied to the head and body would be a deadly weapon," and in permitting witnesses to testify that "defendant assaulted the prosecuting witness,

Frank P. Ake, with a revolver.'' There is no merit in either of these. Dr. Marshall was a practicing physician and surgeon of over fifteen years standing, saw and dressed the wounds of the prosecuting witness a few minutes after their infliction, and was clearly competent to testify to their nature, appearance and extent, which was permissible for the purpose of showing that the assault was made with intent to kill, and some instrument used which was adequate for the accomplishment of the purpose intended. So was the fact that defendant had upon his person a pistol at the time of the assault admissible as tending to show the character of the man and that he was prepared for any emergency which might arise on such an occasion.

A point is also made in the motion for a new trial with respect to the verdict, which is claimed to be ''excessive and cruel.'' We are unable to concur in this view. The assault was wanton and malicious, in a marked degree, and the punishment imposed by the jury is fully justified by the facts and circumstances attending it, and should not be disturbed.

Finding no reversible error in the record, the judgment is affirmed.

All concur.