STATE *v.* EUGENE COOK, CLIFFORD JOHNSON, STANLEY SALAMON, and W. CARTER BAKER.

(OCTOBER 22, 1934.)

LAYTON, C. J., and REINHARDT, J., sitting.

*P. Warren Green,* Attorney-General, and *Robert H. Richards, Jr.,* Deputy Attorney-General, for the State.

*H. Eugene Savery* for the defendants.

Court of General Sessions for New Castle County; Indictment for conspiracy to obstruct public justice, No. 127, September Term, 1934.

REINHARDT, J., delivering the opinion of the Court:

The indictment contains but one count, the material part of which is as follows:

The defendants, late of Wilmington Hundred, in the County aforesaid, between the first day of April, A. D. 1933, and the first day of May, A. D. 1934, with force and arms, at Wilmington Hundred, in the County aforesaid, unlawfully did conspire, combine, confederate and agree together, and with other persons, to the Grand Jurors aforesaid unknown, to obstruct public justice by divers false and fraudulent means.

The reasons upon which the motion to quash the indictment is based are that the indictment does not sufficiently inform the defendants of the offense they are required to meet, in that there is no description in the indictment of the object of the conspiracy. The object is set forth in the indictment in the following words:

"To obstruct public justice by divers false and fraudulent means."

The defendants claim that, under this indictment, they cannot prepare their defense and, if convicted, plead the judgment in bar of a subsequent prosecution for the same offense.

The rule is well settled that an indictment must set forth the offense with such certainty as to apprise the defendants of the nature of the accusation upon which they are to be tried and to constitute a bar to any subsequent proceeding for the same offense. 1 *Bishop, New Crim. Proc., par.* 544.

In considering how far the object or purpose of the conspiracy must be described in the indictment, the rule

is that the crime intended to be accomplished by the conspiracy need not be described in the indictment with the accuracy or detail which would be essential in an indictment for the commission of the offense itself, but need only be designated as it is known to the common law or defined by statute. It has been said, however, that this does not mean that no particulars whatever may be given. 12 C. J. 618; *U. S. v. Bopp* (*D. C.*), 230 *F.* 723.

We feel that there is no description of the object of this conspiracy contained in the indictment. While we recognize the principle that it is not necessary, in stating the object of the conspiracy to set out the offense with the accuracy or detail required in an indictment for that offense, yet we do think that there must be some description in the indictment of the object of the conspiracy. For this reason, we hold that the indictment is bad and that the motion to quash should be granted, and it is so ordered.