THE STATE OF DELAWARE v. ANTON GITAITIS.

(*July* 8, 1963.)

LYNCH, J., sitting.

*Peter Warren Green*, Deputy Attorney-General, for the State.

*H. Eugene Savery* and *Hiram W. Warder* for Defendant.

Superior Court for New Castle County, No. 198, Criminal Action, 1963.

LYNCH, Judge.

The Grand Jury of this County returned an indictment in the March 1963 Term against defendant, charging him in three counts, viz.:

## COUNT I

Anton Gitaitis on the 30th day of January, 1963, in the County of New Castle, did violently assault Joseph Francis Neher with intent to murder the said Joseph Francis Neher.

## COUNT II

Anton Gitaitis on the 30th day of January, 1963, in the County of New Castle, did violently assault Earl Houston Coates with intent to murder the said Earl Houston Coates.

## COUNT III

Anton Gitaitis on the 30th day of January, 1963, in the County of New Castle, did violently assault Earl Joseph Coates with intent to murder the said Earl Joseph Coates.

Defendant has moved to dismiss the indictment because each of said counts fails to allege any facts which constitute such an assault, and, therefore, the indictment fails to put the defendant on notice as to what he must defend. It also fails to afford him protection against double jeopardy; and it denies him equal protection of the law and due process of law.

Defendant's counsel cites and argues the Federal Constitution (6th Amendment), Article I, § 7, of the Delaware Constitution, *Del. C.,* our Criminal Rules, and many treatises and cases, but ultimately his arguments can be boiled down to a contention that the failure of the indictment to specify the "means" which was used by defendant in seeking to effectuate his alleged crimes is fatal.

Defendant's counsel lay great stress on *State v. Cook,* 6 W.W.Harr. 298, 175 A. 200 (Gen.Sess. Del., 1934), where it was said (6 W.W.Harr. 299, 175 A. 200):

"* * * an indictment must set forth the offense with such certainty as to apprise the defendants of the nature of the accusation upon which they are to be tried and to constitute a bar to any subsequent proceeding for the same offense. * * *"

The Court later said (Id.):

"In considering how far the object or purpose of the conspiracy must be described in the indictment, the rule is that the crime intended to be accomplished by the conspiracy need not be described in the indictment with the accuracy or detail which would be essential in an indictment for the commission of the offense itself, but need only be designated as it is known to the common law or defined by statute. * * *"

Concluding, the Court said no more than:

"* * * there is no description of object of this conspiracy contained in the indictment. While we recognize the principle that it is not necessary, in stating the object of the conspiracy to set out the offense with the accuracy or detail required in an indictment for that offense, yet we do think that there must be some description in the indictment of the object of the conspiracy. For this reason, we hold that the indictment is bad * * *."

Just how this case aids defendant is somewhat less than clear; the Court has considered the case and the arguments based on it and holds neither it nor the arguments are apposite to the question here for determination.

Defendant next rests an argument premised on Superior Court Criminal Rule 7(c), which reads:

"The indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged. It shall be signed by the Attorney General. It need not contain a formal commencement, a formal conclusion or any other matter not necessary to such statement. Allegations made in one count may be incorporated by reference in another count. *It may be alleged in a single count that the means by which the defendant committed the offense are unknown or that he committed it by one or more specified means.* The indictment or information shall state for each count the official or customary citation of the statute, rule, regulation or other provision of law which the defendant is alleged therein to have violated. Error in the citation or its omission shall not be ground for dismissal of the indictment or information or reversal of a conviction if the error or omission did not mislead the defendant to his prejudice." (Emphasis supplied.)

Defendant argues that the stressed words gives rise to an "implication [that] if the means are known, the means by which the offense was committed should be alleged. For example, each count of this indictment charges that the Defendant did violently assault Joseph Francis Neher. The means by which this assault was committed must be stated". The Court does not agree and rejects such argument.

Defendant then argues that this Court's holding in *State v. Minnick,* 3 Storey 261, 168 A.2d 93 (1960) and

what it said in *State v. Deedon,* 6 Storey 50, 189 A.2d 660, 661-663 (Sup.Ct.1963) as to the requirements of pleading the commission of a crime of breaking and entering a property "[w]ith intent to commit a crime therein". Title 11 *Del. C.* § 395, are substantially determinative of the case at bar.

In Minnick and Deedon, the Delaware Courts have advised the Attorney General that indictments under the cited statute must specify what crime those named defendants had in mind or intended to commit when they broke into and entered the properties mentioned in the indictments. That's as far as those cases go; they bear no relationship to the question presented here.

In Deedon, the Attorney General had argued in the Court below and in the Supreme Court against the contention the indictments were insufficient and that the remedy of the defendants in those cases was to seek a Bill of Particulars to ascertain what the intended crime was.

As showing the difference in the questions for determination in Deedon from the one here presented, the Supreme Court said in Deedon, Del., 189 A.2d at 663:

"The State has conceded that it is not the function of a bill of particulars to remedy a defective indictment. This position respects a well-settled rule of law, as was stated in *State v. Dabbs,* 228 La. 960, 84 So.2d 601 (1955) : 'There can be no prosecution on a bill of particulars. Nor can the contents of a bill of particulars, whatsoever is set forth therein, alter, change, amend or affect the bill of information.' (At Page 603) See also *Kelly v. State ex rel. Curry,* 92 So.2d 172 (Fla. Supreme Ct., 1956), wherein the court stated:

'A bill of particulars is not a part of the pleadings and neither strengthens nor weakens an information to which it is attached.' \* \* \*"

At a later point in the same paragraph, now Chief Justice Terry, referring to Rule (f) of our Criminal Rules, which paragraph reads:

"(f) Bill of Particulars. The court for cause may direct the filing of a bill of particulars. A motion for a bill of particulars may be made only within ten days after arraignment or at such other time before or after arraignment as may be prescribed by order of the court. A bill of particulars may be amended at any time subject to such conditions as justice requires."

said (Id.):

"\* \* \* Such a remedy could be utilized by the defendant to gain information as to the specific means allegedly employed in carrying out his alleged intent, but it may not be used to supply a missing element of the offense in question."

See also *State v. Lasby*, Del.Ch., 174 A.2d 323, 324 (Super. Ct.1961).

Defendant has not cited a single case holding that an indictment charging assault with intent to commit murder requires the State to allege the means used in the commission of the crime. The State has only cited two cases— *State v. Smith*, 41 La.Ann. 791, 6 So. 623 (Sup.Ct.La.1889) and *State v. Clayton*, 100 Mo. 516, 13 S.W. 819 (Sup.Ct.Mo. 1890). Neither of these cases are too convincing in their reasoning.

In Smith, the indictment read:

"That Wesley Smith did willfully, feloniously, and of his malice aforethought, with a dangerous weapon, to-wit, a gun, assault one Coleman Franklin, with intent then and there to murder."

The Louisiana Court, however, 6 So. at page 624, made the following comment:

"*The words 'with a dangerous weapon' are mere surplusage,* and their omission from the indictment leaves the one offense distinctly and specifically charged, without duplicity, as alleged in the motion in arrest of judgment. The indictment contained all that was necessary—in fact, more than was required—to inform the defendant of the offense with which he was charged, and upon which a verdict of guilty could be returned. It was unnecessary, in the indictment, to set forth the manner in which the assault was made. *State v. Williams,* 38 La.Ann. 372. The language used in the indictment is unequivocal. It distinctly charges that Wesley Smith assaulted Coleman Franklin with the intent to kill and murder.  *   *   *"

In Smith, the Missouri Supreme Court observed, 13 S.W. at page 820, of a pleading regarding a charge of assault with intent to commit murder:

"It seems that most of the authorities favor the view that assaults may be charged in general terms; that is, without specifying the means by which the assault was made. 2 Bish.Crim.Proc. §§ 77, 656. In this state, however, the point has been ruled both ways. Thus, in *State v. Jordan,* 19 Mo. 212, and *State v. Greenhalgh,* 24 Mo. 373, it was held essential to state the manner in which the assault was made. In *State v. Chumley,* 67 Mo. 41, without adverting to former opinions, it was ruled that it was unnecessary to allege the manner of the assault; and in *State v. Chandler,* 24 Mo. 371, it was ruled that the manner of the assault charged need not be alleged. It is, therefore, an open question in this state; and we decide to follow the general current of authorities, and the well-established

forms and precedents, and hold the present indictment good in the particular mentioned. 3 Chit.Crim.Law, 821, 828."

On page 960 of Vol. 6 C.J.S., under the topic Assault and Battery at § 105, it is stated only that "charging the offense in the statutory language is generally" sufficient. Consideration of the cases found in the pocket part will be useful.

The Delaware Statute does not require the averment of the means used to commit the assault. In Deedon, our Supreme Court approved pleading a charge in language of the statute under certain circumstances, 189 A.2d 662:

"* * * It is, of course, the general rule that an indictment drawn in the language of the statute is generally sufficient. * * *"

But then our Supreme Court very carefully pointed out in the same paragraph (Id.):

"* * * However, it is equally well-settled that if the statute fails to delineate with specificity all the essential elements of the crime, the drafter of the indictment may not safely rely on the statutory language alone. As was stated in *State v. Lassotovitch,* 162 Md. 147, 159 A. 362, 81 A.L.R. 69 (1932): '* * * it is clear that an indictment which charges the accused with the act prohibited by the statutory language, and does nothing more, would be fatally defective in failing to allege such other facts as would enable the accused to prepare his defense.' * * *"

At page 966 of 6 C.J.S. Assault and Battery § 110g there is some considerable discussion of the necessity of alleging the means employed in the commission of the crime of assault as charged.

It depends on the statute on which the prosecution is premised, and note has been made already that our statute is silent here.

In 6 C.J.S. Assault and Battery § 110g at page 966, the statement is made:

"* * * It is not necessary * * * to allege the means or instrument used in making the assault where it is not an essential ingredient of the offense, * * *."

Even where a dangerous or deadly weapon is employed in making the assault, the applicable statement of law is (6 C.J.S. Assault and Battery § 110g, page 967):

"* * * Where the employment of a dangerous or deadly weapon is not made an element of the offense by the statute * * *, a charge under such statute need not specify that the weapon employed was deadly or dangerous. * * *"

In 6 Am.Jur.2d—Assault and Battery—§ 90, on page 79, it is stated:

"An indictment or information is generally not insufficient because it * * * does not specify the mode in which it was committed, since such details are matters of evidence and not of pleading."

*Brimhall v. State,* 31 Ariz. 522, 255 P. 165, 53 A.L.R. 231 (Arizona Sup.Ct.1927) is cited in support of the aforecited statement of law. The case alluded to Bishop on Statutory Crimes, § 514, where it is said "that it is a sufficient allegation under the common law to state that the defendant 'did make an assault' on a person named". The cited case refers to *McNamara v. People,* 24 Colo .61, 48 P. 541 (1897), discussing the requirements of pleading a statutory assault.

*Hussey v. State,* 144 Miss. 380, 109 So. 871, is also cited under the aforecited statement of law, and it is also

illustrative and lends support to the statement. It notes that the requirements of a statutory form of assault must be adhered to and it clearly appears the State has done so here.

Defendant's motion to dismiss is denied in all respects. The order may provide that defendant shall have 10 days from date of order to move for a Bill of Particulars.