# Higginbotham *v.* The State.

*Indictment for Statutory Assault, having Pistol to intimidate.*

*Sufficiency of indictment, after verdict.* — An indictment founded on section 3672 of the Revised Code, which charges that the defendants " did assault and beat A. B. with a *rope*, stick, or whip, having in their possession at the time a pistol, with the intent to intimidate the said A. B., and prevent him from defending himself," although it may not sufficiently charge the statutory offence, is nevertheless sufficient, after verdict, to support a conviction for an assault and battery.

FROM the Circuit Court of Blount.
Tried before the Hon. W. J. HARALSON.

HAMILL, PALMER & DICKINSON, for the prisoners.

BEN. GARDNER, Attorney General, for the State.

134　　　　　SUPREME COURT

[Carson v. State.]

B. F. SAFFOLD, J. — The appellants were convicted, and fined $125 each, on their plea of not guilty, to an indictment charging that they " did assault and beat Edmund Bruster, with a *rope*, stick, or whip, having in their possession at the time a pistol, with the intent to intimidate the said Edmund Bruster, and prevent him from defending himself," &c. They moved in arrest of judgment : 1st, that the indictment did not charge any offence known to the law ; 2d, that it did not contain the word " cowhide," as required by statute ; 3d, that it did not pursue, either substantially or literally, the words of the statute. The motion was overruled. The errors assigned are : 1st, the overruling of the motion in arrest of judgment ; 2d, the passing of sentence against the appellants.

No evidence is set out, and no objection to any of the proceedings before verdict appears to have been taken. The point of objection to the judgment is, that the appellants were attempted to be indicted under R. C. § 3672, and that the indictment, otherwise correct, is vitiated by the insertion of the word " rope," which is not in the statute. Whether the objection would be well taken, or not, to a conviction for the offence declared in R. C. § 3672, we cannot reverse this judgment, if the indictment charges any offence to which it is applicable. 1 Bishop's Crim. Proc. §§ 860, 861. An indictment is sufficient which states the facts constituting the crime, in ordinary and concise language, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment. R. C. § 4112. That "A. B. assaulted and beat C. D.," is an averment of an assault and battery. *Thompson* v. *State*, 25 Ala. 41. When circumstances of aggravation, such as the use of a weapon, or some special evil intent, are added, it is not objectionable on the ground of duplicity. 2 Bishop's Crim. Proc. § 72.

In this case, the indictment charges an assault and battery, and the sentence is consistent with that offence. There is nothing of record from which we can infer that the charge as made was not proved. *Robin* v. *State*, 40 Ala. 72.

The judgment is affirmed.