The State v. Hoffman.

The State v. Hoffman, *Appellant*.

1. **Deadly Weapons**: PLEADING, CRIMINAL. Where an indictment charges that accused shot at another with a gun or pistol loaded with powder and leaden balls, or stabbed him with a knife or dagger, it is not necessary that it shall allege that the weapon was a deadly weapon. Such instruments are recognized by the statute as deadly. It is only when other instruments are used that it is necessary to allege their deadly character.

2. **Assault to Kill**: EVIDENCE. Upon a trial for assault to kill, evidence of all the circumstances connected directly with the assault, showing its character, is competent.

3. ———: ———. POWER TO MAKE ARRESTS. Upon a trial for assault to kill, it appeared that the person assaulted at the time had another under arrest. *Held*, that it was wholly immaterial whether he was an officer authorized to make arrests or not.

4. **Prosecuting Attorney's Remarks.** Certain remarks of the prosecuting attorney complained of as being unsupported by the evidence; *Held*, not open to this objection.

5. **Right of Accused to be Present in Court.** The accused has the right to be present when his motion for new trial is heard. To refuse his counsel's request to have him brought into court for that purpose, is error requiring reversal of a judgment of conviction. SHERWOOD and NORTON, JJ., dissented.

*Appeal from Stoddard Circuit Court.*—HON. R. P. OWEN, Judge.

REVERSED.

*S. M. Chapman* for appellant.

*D. H. McIntyre*, Attorney General, for the State.

HENRY, J.—Defendant was indicted for an assault with

intent to kill Orson B. Miller, and on a trial of the cause, at the March term, 1882, of the Stoddard circuit court, was found guilty and his punishment assessed at ten years' imprisonment in the penitentiary.

From the judgment he has appealed to this court, and contends that the indictment is defective because it is not

1. DEADLY WEAPONS: pleading, criminal. alleged therein that the pistol "loaded with powder and leaden balls," with which the shooting is charged to have been done, is a deadly weapon. Where the indictment alleges that the accused shot at, or stabbed another, it is not necessary to allege that the gun or pistol, " loaded with powder and leaden balls," or knife or dagger, with which the shooting or stabbing was done, is a deadly weapon. Such instruments are recognized by the statute as deadly, and it is only when the assault is made with other instruments, that it is necessary to allege their deadly character. *State v. Greenhalgh*, 24 Mo. 373.

Orson B. Miller was permitted to testify that he had arrested one Galloway, and that the defendant, while Gallo-

2. ASSAULT TO KILL: evidence. way was in his custody, said to Galloway in response to a remark " let's go," made by Miller to Galloway, "You need not go unless you want to ;" that after Miller procured a horse for Galloway, defendant asked permission to speak to Galloway, and, after he had done so, defendant left them, but afterward went into a house where Miller and Galloway were, and asked, " What is the matter," to which Galloway replied : "Oss has my pistol and won't give it up." Defendant then said : " That is my pistol; lay it down where you got it." Miller said : " I took this pistol from Galloway and did not get it from the stable, but, if it is yours, I will give it to you when Galloway gets started, but will not lay it down." Miller and Galloway then started to leave the house, when defendant said : " That is my pistol, and I am going to have it," and thereupon drew his pistol and fired at Miller, the ball taking effect in his side. He fired a second shot which struck Miller in the head.

17—78

The testimony in relation to the arrest of Galloway, and to what was said by defendant prior to the shooting, is objected to as irrelevant. It was a detailed account of the circumstances connected directly with the assault, showing its character, and was competent.

Whether Miller was an officer authorized to make an arrest, is wholly immaterial. Defendant was not indicted for 

3. ——: ——: power to make arrests. resisting an officer in the discharge of his duty, nor was he the party arrested. If Miller had been shot by Galloway, or the defendant had been charged with resisting Miller, as an officer, in the discharge of his duty, the question of his authority to arrest Galloway would be material. This is also an answer to the objection to the testimony of Norrid, who stated that on the day of the shooting, Miller told him he had Galloway under arrest. The fact that he had Galloway in his custody was not controverted, and this evidence could not possibly have prejudiced defendant.

Defendant also complains that the prosecuting attorney stated to the jury in his argument that: "When de-

4. PROSECUTING ATTORNEY'S REMARKS. fendant saw the struggle between Galloway and Miller, he came to the prisoner's rescue." The facts in evidence formed a very good foundation for such an argument. Certainly it was not such a distortion of the evidence as would justify a reversal of the judgment.

The prosecuting attorney also stated in his closing argument to the jury: "That after defendant had fired the shot that felled Miller to the floor, he jumped out of the back door and fled, leaving Miller weltering in his gore." Defendant's counsel insists that this was a gratuitous statement, unsupported by any evidence in the cause. Norrid testified that defendant "fired on Miller, and, as Miller turned, he fired again, and Miller fell from the shot, and Hoffman ran out of the south door into the field."

The remaining point made by counsel is, that defendant was not present when the court passed upon his motion for

The State v. Hoffman.

5. RIGHT OF ACCUSED TO BE PRESENT IN COURT. a new trial, although his counsel requested that he be brought into court to be present at the hearing of said motion.

The 22nd section of the. Bill of Rights declares that: "In criminal prosecutions the accused shall have the right to appear and defend in person and by counsel." If the record only failed to show the presence of the defendant when his motion for new trial was heard and determined, the cases cited by the State's counsel would be in point; but this record shows, not only that he was absent at the argument and final action of the court on the motion, but that the court refused his request, made by his counsel, that he might be present. In the *State v. Underwood*, 57 Mo. 40, the accused was present at the final argument and determination of his motion, and the complaint was, that there had previously been a brief discussion of the points made by his motion for a new trial in his absence. In the *State v. Brown*, 63 Mo. 438, the record did not show the presence of defendant at the hearing of his motion, but no such request as was made in the case at bar was made by Brown, and the court based its opinion upon the provision of the statute: "That no person indicted for a felony can be tried unless he is personally present at the trial," holding: "That the motion for a new trial concedes that a trial of the issues has taken place, * * and is not such a proceeding as is contemplated by the statute or embraced within its terms." The question here presented is a very different question from that which arose in *Brown's case*. The accused demanded his right, under the constitution, to be present, not at the trial in the technical narrow sense of the statute, as construed in the *Brown case*, for the constitution has no such restricted meaning, but to appear and defend throughout the proceeding against him, which is pending in the trial court until the determination of the cause by the rendition of a judgment. If the court could refuse to permit the accused to be present, with equal propriety it could exclude his counsel. The constitution does

not declare that either may appear, but "that the accused shall have the right to appear and defend in person, and by counsel." He has the right to be there to make suggestions to his counsel, or, if he desire, to argue the motion to the court. It is a constitutional right, but if neither guaranteed by constitution nor by statute so reasonable a request as that of a prisoner on trial for his life or liberty, to be present at any important step in his cause, should be granted.

The judgment is reversed and the cause remanded. Norton and Sherwood, JJ., dissent.

Sherwood, J., Dissenting.—If no error was committed during the trial of the cause, as the foregoing opinion admits, I am unable to see why the judgment should be reversed. Will it be seriously contended that the defendant, had he been present at the argument of the motion, could have made error appear, when none existed?