THE STATE, *Appellant,* v. SEBASTIAN.

Criminal Law: STATUTE: PLEADING: INFORMATION.    Where a statute makes it a misdemeanor to exhibit in a threatening manner certain specified weapons, or " other deadly weapons," it is not intended to declare that only those named are deadly weapons, and the only distinction made is, that in a prosecution under such statute for the exhibition of those specifically named, it is not necessary to allege that they are deadly weapons, whereas for any other it must be alleged and proved that it is a deadly weapon.

*Appeal from St. Francois Circuit Court.*—Hon. W. N. Nalle, Judge.

Reversed.

*D. H. McIntyre*, Attorney General, for the State.

It is obvious that the legislature never meant to enumerate all the weapons that might be regarded as deadly. A hatchet, an ax, a scythe and many other instruments might be used so as to become far more dangerous and deadly than a dagger or slung-shot, and it would be a question of fact for the jury as to whether a certain instrument used in a particular manner was a deadly weapon. *Doering v. State*, 49 Ind. 56 ; *Berry v. Comm.*, 10 Bush (Ky.) 15 ; *Hunt v. State*, 6 Tex. App. 664, and cases cited; *U. S. v. Small*, 2 Curtis 241. That the term "or other deadly weapon" means just what it says, and includes a hatchet, there can be no doubt. General words following particular ones are not always restricted to the particular. *Queen v. Edmunson*, 2 Ellis & Ellis (Q. B.) 75 ; *Queen v. Doubleday*, 3 Ellis & Ellis (Q. B.) 514; *State v. Hays*, 78 Mo. 600.

*Carter & Clark* for respondent.

Henry, J.—At the May term, 1878, of the circuit court of St. Francois county, the defendant, upon the information of the prosecuting attorney, was charged with having exhibited a hatchet, a deadly weapon, in the presence of certain persons, in a rude and threatening manner. The court sustained a demurrer to the information, upon the ground that in the statute creating the offense a hatchet is not included among the deadly weapons named therein. The State has appealed.

The information was based upon the act of 1877, which is as follows: "Whoever shall, in the presence of one or more persons, exhibit any kind of fire-arms, bowie-knife,

dirk, dagger, slung-shot, or other deadly weapon, in a rude, angry or threatening manner, not in the necessary defense of his person, family or property," etc.   Laws 1877, p. 240.

Fire-arms, bowie-knife, dirk, dagger and slung-shot are expressly mentioned, but if the exhibition of no other deadly weapon in a rude, angry or threatening manner is a misdemeanor, the words, "or other deadly weapon," following the specific mention of those weapons are surplusage.   Certainly, it was not the intention of the legislature to declare that only the specified deadly weapons are such. The statute declares them to be deadly weapons, and the only distinction recognized in the section between them and other deadly weapons, is, that the exhibition of those named in the manner specified, is a misdemeanor, and it is unnecessary to allege that they are deadly weapons, whereas as to other weapons exhibited, it must be averred and proved that they are deadly weapons.

Judgment reversed and cause remanded.   All concur.