## J. A. LAWSON *v.* THE STATE.

ASSAULT AND BATTERY.    *With cowhide.  Having a pistol.  Section 2983, Code 1880, construed.*

Section 2983 of the Code of 1880 makes it a felony for "any person to assault and beat another with a cowhide, whip, or stick, having at the time in his possession a pistol or other deadly weapon, with intent to intimidate the person assaulted and prevent him from defending himself." Where a person assaults and beats another with a cowhide, having in his possession a pistol *with the intent* to intimidate the assaulted person and prevent him from defending himself, the statute is violated even though the pistol be not exhibited and the assaulted person does not know that his assailant has a pistol.

APPEAL from the Circuit Court of Issaquena County.

HON. J. B. CHRISMAN, Judge, specially presiding, in place of and by request of Hon. B. F. Trimble, and to meet the demand of the public interests.

J. A. Lawson was indicted for assaulting and beating R. Cohn with a cowhide or whip, while "then and there having in his possession a pistol, with the intent to intimidate said R. Cohn and prevent him from defending himself."

At the trial it was proven that the defendant did commit the assault and battery charged, and that he had on his person a pistol, but that he made no exhibition of it, and Cohn himself testified that he "did not see any, and does not know whether Lawson had any or not." Dr. Halbert testified that he saw the end of a pistol below Lawson's coat, and that Lawson, after striking Cohn three times with a whip, "stepped back and placed his hand under his coat, saying at the same time, 'Now shoot, damn you.'" It was also proven that the defendant was a constable, and that a few minutes before the attack on Cohn he had in custody some prisoners who had just been convicted before a justice of the peace, whose court it was his duty to wait upon.

The court instructed the jury for the defendant as follows :

1. "Before the jury can convict the prisoner they must believe, beyond every reasonable doubt arising from the evidence, that at

the time defendant made the assault on Cohn he had the pistol in his possession for the purpose of intimidating Cohn and to prevent him from defending himself."

2. " The gist of the offense is not the assault with the whip, but the having in possession at the time of the assault a deadly weapon, to intimidate the party assaulted and prevent him from defending himself."

4. " A constable has a right to carry a pistol when in the discharge of his official duties."

The defendant was convicted and sentenced to two years' imprisonment in the penitentiary. He thereupon appealed to this court.

The indictment was based upon § 2983 of the Code of 1880, which is in the following language : " If any person assaults and beats another with a cowhide, whip, or stick, having at the time in his possession a pistol or other deadly weapon, with intent to intimidate the person assaulted and prevent him from defending himself, he shall, on conviction, be imprisoned in the penitentiary not longer than ten years."

*J. R. Yerger, Jr.,* for the appellant.

The crime intended to be punished by § 2983 of the Code of 1880 is the whipping of a person with a stick, etc., making use of a deadly weapon at the same time, either by some actual use of it or some demonstration at the time as if intending to use it, or having it in the clear sight and view of the party assaulted, which would then lead him to suppose it would be used if he attempted to defend himself.

The very intention and spirit of the statute is that a man who, through fear of his life, is forced to submit to the degradation and shame of a cowhiding, shall be protected by the punishment of persons guilty of such a cowardly assault; but when he is not prevented from defending himself by any fear of his life caused by the use of a deadly weapon or the sight of such, a mere intention of intimidation in the mind of the criminal, and which was unknown to the party assaulted, is not a crime within the statute.

Suppose at the time Lawson struck Cohn he intended to intimi-

date him by his demonstrations and by the sight of his pistol, and this fact was apparent to the bystanders, no such effect was produced upon Cohn, because, according to his own testimony, he was in ignorance of any danger he was in save the merited lash of Lawson's whip. Cohn saw no pistol on Lawson ; he was not intimidated or prevented from defending himself through any fear of a deadly weapon being used. Admitting Halbert's testimony as true, Lawson was guilty of nothing save the bare intention described in the statute, and an intention, however black and malignant, does not become a crime in law until the natural consequence of its execution is attempted.

*T. S. Ford,* Attorney General, for the State.

The sum of the argument for appellant seems to be that there is no proof that Cohn was actually intimidated by the sight of Lawson's pistol. It was not necessary to make this proof in order to warrant the jury in finding a verdict of guilty as charged in the indictment. Suppose that after the assault had been made with the whip by Lawson as detailed by the witnesses, and after Lawson had put his hand on his pistol, saying to Cohn, " Now shoot, damn you," Cohn, instead of being intimidated, had rushed upon his adversary and wrested his pistol from him, would this have made any change in the real issue submitted to the jury as to the intent of the defendant when, having applied the lash upon his victim's person, he put his hand upon his weapon and defied Cohn to defend himself? We think not. The gist of the charge is not whether Cohn was intimidated, but whether Lawson made the assault upon him with the cowhide, having the pistol in his possession *with intent to intimidate* Cohn and prevent him from defending himself.

It might as well be argued that the intent to kill did not exist in a case of shooting with intent to kill and murder where the proof showed that defendant shot at his adversary with a rifle but missed him. In all prosecutions for an unlawful act, coupled with an unlawful intent, of which the intent forms the gist and the gravamen of the charge, it is immaterial whether the intent is accomplished or not.

CAMPBELL, C. J., delivered the opinion of the court.

The appellant was found guilty of beating another with a cowhide, having at the time in his possession a pistol with intent to intimidate the person assaulted and prevent him from defending himself. The jury was correctly instructed, and the evidence supports the verdict. The contention is that the appellant is not guilty, because the evidence fails to show that he exhibited or made any demonstration with his pistol in the view of his victim, and the argument is that the statute applies only where a deadly weapon is actually employed to intimidate the person assaulted; that he must be made to know that his assailant is thus armed. The offense consists in assaulting and beating another with a cowhide, whip, or stick, having at the time in the possession of the assailant a pistol or other deadly weapon, with intent to intimidate the person assaulted. He who undertakes to use a cowhide, whip, or stick on his fellow must not provide himself beforehand with a deadly weapon with intent to intimidate the person assaulted and prevent him from defending himself. The intent to intimidate the person assaulted and prevent him from defending himself must exist in connection with having a deadly weapon to constitute the offense, but this question was properly left to the jury, which was instructed to find the defendant not guilty if it was not shown beyond a reasonable doubt that the defendant had the pistol in his possession for the purpose of intimidating his victim, which fact the jury was further instructed was the gist of the offense.

An effort was made to show that the pistol was not in possession of the appellant for any such purpose, but that he was a constable, and had been in the performance of official duty, which made it proper for him to have a pistol. The question of his intent was fairly submitted to the jury on all the facts in evidence and it was found against him, and the circuit judge refused to disturb the verdict.

*Judgment affirmed.*