Decided 7 Jan., 1908.

## STATE *v.* TAYLOR.

93 Pac. 252.

ASSAULT—ASSAULT WITH COWHIDE—SELF DEFENSE.

1. The offense under Section 1766, B. & C. Comp., declaring a punishment for one who assaults another with a cowhide, having at the time in his possession a gun or other deadly weapon, with intent to intimidate and prevent the other from resisting, cannot involve the element of self defense in favor of the assailant.

SAME—UNNECESSARY FORCE IN REMOVING TRESPASSER.

2. The gist of the offense under Section 1766, B. & C. Comp., being to beat another with a cowhide, or like thing, while being armed with a deadly weapon, with intent to intimidate and to prevent the other from resisting, the statute does not apply to an altercation or ordinary assault and battery, though the assailant is armed with a gun; so that, where the element of removal of a trespasser by defendant is involved, the use of more force than necessary for such purposes would constitute an assault, but would not be evidence of a violation of such statute.

SAME—INFORMATION.

3. The crime of "assault being armed with a cowhide," denounced by Section 1766, B. & C. Comp., declaring a punishment if any person shall assault another "with a cowhide, whip, stick, or like thing," under certain conditions, is not charged by an information which, in the preliminary part, names defendants' offense as "assault, being armed with a leather strap," and in the charging part states that they, being armed with a leather strap, assaulted a person, a description of the leather strap being necessary to show that it was a like thing to a cowhide, whip, or stick.

From Baker: WILLIAM SMITH, Judge.

Defendant was convicted of the crime of assault, being armed with a cowhide, as defined by Section 1766, B. & C. Comp. From the judgment rendered thereon he appeals.          REVERSED.

For appellant there was a brief with oral arguments by *Mr. Charles H. Carter* and *Mr. Woodson L. Patterson.*

For the State there was a brief and an oral argument by *Mr. Gustav Anderson,* Deputy District Attorney.

MR. JUSTICE EAKIN delivered the opinion of the court.

1. Information was filed against the defendants seeking to charge them with the crime of assault, being armed with a cowhide, as defined by Section 1766, B. & C. Comp., and which provides:

"Assault, Being Armed with a Cowhide. If any person shall assault, or assault and beat another with a cowhide, whip, stick

50 Or. —— 29

or like thing, having at the time in his possession a pistol, dirk or other deadly weapon, with intent to intimidate and prevent such other from resisting or defending himself, such person, upon conviction thereof, shall be punished by imprisonment in the penitentiary not less than one nor more than ten years."

The information is in the following language:

"R. H. Taylor and John S. Traut, the above-named defendants, are accused by Leroy Lomax, District Attorney of the Eighth Judicial District of the State of Oregon, by this information, of the crime of 'assault, being armed with a leather strap,' committed as follows: The said R. H. Taylor and John S. Traut did on the 8th day of April, A. D. 1907, in the County of Baker and State of Oregon, then and there being and acting together, and being then and there armed with a leather strap, unlawfully and feloniously assault, strike, hit and beat one Exilda Mitchell upon the body and head of her the said Exilda Mitchell with said leather strap, which said leather strap the said R. H. Taylor and the said John S. Traut then and there had and held in his hands while within striking, hitting and beating distance of her, the said Exilda Mitchell. The said R. H. Taylor and the said John S. Traut having at the time in his possession a pistol and a gun, the said pistol and the said gun being then and there a deadly weapon, with intent then and there and thereby to intimidate and prevent her, the said Exilda Mitchell, from resisting or defending herself, contrary to the statutes in such cases made and provided," etc.

Defendants were tried thereon, and convicted of the crime sought to be charged, and on June 27, 1907, sentenced to one year in the penitentiary. Exceptions were taken at the trial to various instructions given by the court, of which instructions we shall notice only the second and third, relating to the right of self-defense, and liability for assault in case more force is used than is necessary for such defense, and the right to defend the possession of real property.

This statute was evidently not intended to cover cases of ordinary assault, or assault with a dangerous weapon, as defined by Sections 1771 and 1772, B. & C. Comp., but is intended to cover a particular offense, where the assailant, having in his possession a gun with intent to intimidate the object of his

attack and thus prevent resistance, administers a cowhiding or beating. This offense can by no possible construction involve the element of self-defense in favor of the assailant. The intention to intimidate by means of a gun is the element that makes it a felony, by which the assailed person is compelled, through fear, to submit to the punishment. Neither could there be any element of trespass involved in the case. To constitute a liability under this statute, the defendant must be armed with a deadly weapon, with the intent and for the purpose of intimidation, to enable him to administer a cowhiding upon the object of his attack, and whether the assailed person is a trespasser or resists such assault, can constitute no defense to the assailant; but the proof in such a case must be clearly brought within the spirit of the statute, and it cannot be made to apply to the case of an altercation, or an ordinary assault and battery, even though the assailant is armed with a gun. If the element of the removal of a trespasser from one's property is involved, as presented to the jury by the third instruction, then the use of more force than is necessary for that purpose would constitute an assault, but would not be evidence of a violation of this statute.

2. Instruction No. 2, as given by the court, reads:

"If a person is assaulted by another, such person is then justified in using such force as may be reasonably necessary to defend himself; but if such person under pretext of self-defense exceeds the bounds of what is reasonably necessary for such defense, then such person would nevertheless be guilty of the assault."

Here the court instructs the jury that if the defendants are assaulted, they have a right to resist such assault, but an excess of force in such resistance would constitute guilt under this statute, which lacks the principal element of that crime, viz., being armed with intent to intimidate, and thus enable them to inflict the punishment. In Mississippi, under a similar statute, it is held that the gist of the offense is in being armed with a pistol with intent to intimidate the person assaulted and prevent him from defending himself: *Lawson* v. *State,* 62 Miss. 556.

The case was presented to the jury upon the theory that if the defendants, being armed, assaulted Mrs. Mitchell, they were guilty, or, if they acted at first in self-defense, but used more force than was necessary in such defense, they were guilty of the crime charged, thus losing sight of the element of intimidation to enable defendants to administer a castigation; hence the second instruction is erroneous in authorizing a verdict of guilty of the charge upon proof of more force than necessary for defense of the person, and the third instruction contains a similar error, in authorizing a conviction if more force is used than necessary to remove a trespasser from real estate.

3. The sufficiency of the indictment is also questioned by the defendants, in that it does not charge the crime for which they were tried. In the statute of 1864 the name of this crime is given in the index to the sections at the beginning of chapter 43, of which it is a part, and also on the margin opposite section 527, its original number, as, "assault, being armed with a cowhide," and was so adopted by the legislature, and the name of the crime thus became part of the law (*State* v. *Vowels,* 4 Or. 324; *State* v. *Nease,* 46 Or. 433: 80 Pac. 897), and "assault, being armed with a strap," does not name the crime defined by this section. However, an error in the name of the crime in the preliminary part of the information is not fatal if the charging part is sufficiently specific: *State* v. *Sweet,* 2 Or. 127; *State* v. *Jarvis,* 18 Or. 360 (23 Pac. 251). But the charge is, "did assault, strike, hit and beat one Exilda Mitchell * * with said leather strap." The allegation contains nothing to bring the strap within the class of instruments mentioned under "cowhide, whip, stick or like thing." In Alabama, under a similar statute providing that an assault with a cowhide, stick or whip, having in his possession a pistol with intent to intimidate, an indictment that charged an assault with a rope, stick or whip was held sufficient to sustain a conviction for assault, but insufficient if the conviction had been for the offense charged: *Higginbotham* v. *State,* 50 Ala. 133. Where the instrument used is not one of those named in the statute, then it must be so described as to bring it within the class named.

Where a statute, in defining a crime committed by use of weapons, mentions certain weapons "or other deadly weapon," it is held that those named in the statute need not be described as deadly weapons, but if another than those named in the statute is relied upon as coming within the term "other deadly weapon," it must be so averred as to bring it within that designation: *State* v. *Sebastian,* 81 Mo. 514; *State* v. *Hoffman,* 78 Mo. 256; *State* v. *Painter,* 67 Mo. 84; *State* v. *Porter,* 101 N. C. 713 (7 S. E. 902). The language of this statute is, "with a cowhide, whip, stick or like thing." If the instrument used was one mentioned in the statute, the description of it need only disclose that fact; but if, as in this case, it is some other instrument relied upon as coming within the term "or like thing," then it must be so set forth to disclose that it is a like thing to a cowhide, whip or stick, and it is not sufficient to refer to it as a leather strap. Therefore the information is insufficient to charge the crime defined by Section 1766, B. & C. Comp., but is sufficient to charge the crime of assault and battery.

Therefore the judgment of the lower court will be reversed, and the cause remanded for such further proceedings as may be proper, not inconsistent with this opinion.        REVERSED.

---

Decided 7 January, 1908, rehearing denied 11 February, 1908.