STATE OF MISSISSIPPI v. JEFFERSON SPIGENER ET AL.

[50 South. 977.]

CRIMINAL LAW AND PROCEDURE. *Assault and battery. Cowhide, etc. Code* 1906, § 1044. *Indictment. Simple assault and battery.*

An indictment charging that defendant assaulted and beat another with "leather bridle reins," while armed with a pistol, with intent to intimidate the party assaulted and beat and prevent him from defending himself:—

(a) Is not good as one for the offense defined by Code 1906, § 1044, making it a felony for a person to assault and beat another, under the circumstances charged, with a "cowhide, whip or stick;" but

(b) Is good as one for simple assault and battery, and a demurrer thereto should be overruled.

FROM the circuit court of Quitman county.

HON. SAMUEL C. COOK, Judge.

Spigener and others, appellees, were indicted for assault and battery, and demurred to the indictment. From a judgment of the court sustaining their demurrer and dismissing the prosecution the state appealed to the supreme court. The opinion of the court sufficiently states the facts.

*George Butler,* assistant attorney-general, for appellant.

The indictment is in two counts. In the first the deadly weapon is designated, in the second it is described as unknown. Such indictment is substantially the same as that in the case of *Lawson v. State,* 62 Miss. 556.

It seems to be no longer necessary in this state that the indictment must follow the precise language of the statute defining the crime. *Williams v. State,* 42 Miss. 328, has long since been overruled. It is now sufficient if the indictment be substantially the same as the statute. *Richburger v. State,* 90 Miss. 806, 44 South. 772; *State v. Presley,* 91 Miss. 377, 44 South. 827.

The first objection to the indictment is that it does not allege that appellees had a pistol in their possession at the time of the assault or beating, but it is, however, alleged in the indictment that the appellees were "then and there armed with a deadly weapon." It is difficult to see how one could be armed with a deadly weapon without being in possession of that weapon. The indictment in this regard, while not in the literal language of the statute, embraces the very idea conveyed by the statute, and it sufficiently shows that appellees were in the possession of a deadly weapon. It is next objected by appellees that the indictment does not allege that the assault or beating was unlawfully, wilfully, and feloniously made. It is not necessary, of course, to charge the assault to have been unlawfully made, and the indictment does charge it to have been wilfully, and feloniously made. 2 Bishop, Crim. Law. 58.

The next objection urged by appellees, is that the indictment does not charge a felonious intent. It will be noted in this connection that the indictment is in the language of the statute, and in cases of aggravated assault, Mr. Bishop says: "It is sufficient to state the intent in the ordinary way." 2 Bish. Crim. Proc. 64.

Looking to the forms prescribed by him in the various crimes where the intent is an essential element of the offense we find that this indictment conforms to his precedents, and is in exact accordance with the ruling of this court in the cases of *Ward v. State,* 64 Miss. 671; *Mann v. State,* 80 Miss. 398, both of which were prosecutions for assault with an ulterior intent. See also *McGuire v. State,* 91 Miss. 151; Bishop, Direc. & Forms, 206, 140, 141, 184, 187, 252, 460.

It is next objected by appellees that it is not alleged that the assault was made with a cowhide, whip or stick, the instruments designated in the statute. The indictment alleges the assault to have been made with "leather bridle rein." Now it is a primary principle of law that the proof must conform to the alle-

gation of the indictment? Suppose the indictment in this case
had alleged the beating to have been made with a cowhide, or
with a whip and cowhide, and the proof had shown that the as-
sault was, in fact, made with a leather bridle rein, would this
court ever hold, or would any other court of good repute hold,
that the offense was not proven? I am familiar with the holding
of the Oregon court in the case of *State v. Taylor,* 50 Ore. 449,
90 Pac. 252; and the case of *Higginbotham v. State,* 50 Ala.
133, the only two cases I have been able to find bearing on this
point, wherein it was held that a similar allegation in an indict-
ment under this statute, was not sufficient to bring this crime
within the statute; but it will be noted that the statute in
these states provide that if any person assault or beat another
with a cowhide, whip, or stick or like thing and even then the
decision of the court was an unnecessary refinement. The Ala-
bama court in the case of *Nutt v. State,* 63 Ala. 180, remanded
the cause because of a mistake in making an "a" for an "o" in
the name of the deceased, in the certified copy of the indictment
served on the defendant. The holding of the Oregon court in
*Taylor v. State, supra,* follows the Alabama court.

If this ground of the demurrer is good, then unless the beat-
ing is done with a cowhide, a whole cowhide, a whip, or a stick,
there can be no conviction. One may be beaten with a leather
strap, or a strip of leather, made from a cow hide or other like
instrument, with impunity, or, at least, without violating this
provision of the law. Certainly such literalness is absurd.

We submit therefore, that the indictment is sufficient under
this statute. In any event the demurrer should not have been
sustained because the indictment certainly contains a valid
charge of assault and battery, and, this being true, then, under
the Oregon and Alabama cases, *supra,* it was a valid indictment,
and this is in direct accord with Mr. Bishop. 2 Bishop, Crim.
Proc. 63.

*Brewer & Watkins,* for appellees.

It is true, as urged by the state, that it is no longer absolutely necessary for an indictment to follow the exact language of the statute charging the crime. Still, however, indictments framed under penal statutes must fully state all of the circumstances which constitute the definition of the offense charged in the statute. *Lewis v. State,* 49 Miss. 354; *Dees v. State,* 68 Miss. 601.

The general rule is that the charge must be so laid in the indictment as to bring the case precisely within the description of the offense set forth in the statute. 22 Cyc. 335; *Harrington v. State,* 54 Miss. 490; *Roberts v. State,* 55 Miss. 421.

Does the indictment meet the requirements of the above authorities? The statute defines the crime as an assault with a "cowhide, whip or stick;" while the indictment charges that the appellees assaulted the injured party with "leather bridle reins." Are "leather bridle reins" the same as a "cowhide?" It is true that such bridle reins might be used, in method similar to a cowhide, in chastising a person. Highly penal statutes are however not to be aided by speculative presumptions.

If the words "leather bridle reins" can be considered synonymous with the words of the statute, then practically any instrument that one may handle may be held to be likewise within the scope of the statute.

The cases cited by the assistant attorney-general, *State v. Taylor,* 50 Ore. 449, and *Higginbotham v. State,* 50 Ala. 133, are not quite in point, since they were based on statutes wherein it was provided that the offense should be complete if the injured person was assaulted or beaten with a cowhide, whip, stick, or other like thing. Bridle reins might possibly come under this last general phrase. Our statute however has no such general inclusive expression.

Penal statutes are to be most strictly construed. But even a liberal construction of the statute will be insufficient to uphold the indictment. We question the similarity of the indictment

in the present case with that in the case of *Lawson v. State,* 62 Miss. 556, referred to by the assistant attorney-general. Such cited case is not in point, Lawson being shown to have used a whip in making the assault.

This is not an indictment under the common law. Code 1906, § 1044, must be followed strictly.

WHITFIELD, C. J., delivered the opinion of the court.

The appellees were indicted under Code 1906, § 1044, which is in the following words:

"1044 (968). *The Same; With Cowhide, Whip, etc.*—If any person assault and beat another with a cowhide, whip, or stick, having at the time in his possession a pistol, or other deadly weapon, with intent to intimidate the person assaulted, and prevent him from defending himself, he shall, on conviction, be imprisoned in the penitentiary not longer than ten years."

The indictment, in the first count, omitting the formal part, is as follows:

"That Jeff Spigener, S. J. Spigener, Walter Denham, and Bud Holland, late of the county aforesaid, on the 8th day of March, A. D. 1909, with force and arms, in the county aforesaid, and within the jurisdiction of this court, being then and there armed with a deadly weapon, a pistol, did then and there wilfully and feloniously assault and beat John Cockran with leather bridle reins, with the intent of them, the said Jeff Spigener, S. J. Spigener, Walter Denham, and Bud Holland, then and there wilfully and feloniously to intimidate the said John Cockran and prevent him from defending himself, against the peace," etc.

It will be observed that the statute provides, "If any person shall assault and beat another with a cowhide, whip, or stick," etc.; and it will be further observed that the indictment does not charge the beating to have been with any one of these things,

but with "leather bridle reins." There was a demurrer inter-
posed to this indictment on the ground that it charged no offense
under this statute, and no offense at all, and the demurrer was
sustained, and the state appealed; the defendants being dis-
charged.

It will be observed that this statute does not provide, as some
statutes of this sort do, that the assault shall be with cow-
hide, whip, stick, or other like thing. We find in the case of
*State v. Taylor,* 50 Or. 449, 93 Pac. 252, an opinion which
presents the precise point for decision here involved. The stat-
ute there provided, "If any person shall assault another with
cowhide, whip, stick, or like thing," etc., and the indictment
charged that the assault and beating were with a "leather strap,"
and upon the indictment the court said:

"The sufficiency of the indictment is also questioned by
the defendants, in that it does not charge the crime for which
they were tried. In the statute of 1864 the name of this crime
is given in the index to the sections at the beginning of chapter
43, of which it is a part, and also on the margin opposite sec-
tion 527, its original number, as 'assault, being armed with a
cowhide,' and was so adopted by the legislature, and the name
of the crime thus became part of the law (*State v. Vowels,* 4 Or.
324; *State v. Nease,* 46 Or. 433, 80 Pac. 897), and 'assault,
being armed with a strap,' does not name the crime defined by
this section. However, an error in the name of the crime in
the preliminary part of the information is not fatal, if the
charging part is sufficiently specific. *State v. Sweet,* 2 Or. 127;
*State v. Jarvis,* 18 Or. 360, 23 Pac. 251. But the charge is,
'did assault, strike, hit, and beat one Exilda Mitchell * * *
with said leather strap.' The allegation contains nothing to
bring the strap within the class of instruments mentioned under
'cowhide, whip, stick, or like thing.' In Alabama, under a
similar statute [Rev. Code 1867, § 3672], providing that an
assault with a cowhide, stick, or whip, having in his possession

a pistol with intent to intimidate, an indictment that charged an assault with a rope, stick, or whip was held sufficient to sustain a conviction for assault, but insufficient if the conviction had been for the offense charged. *Higginbotham v. State,.* 50 Ala. 133. Where the instrument used is not one of those named in the statute, then it must be so described as to bring it within the class named. Where a statute, in defining a crime committed by use of weapons, mentions certain weapons 'or other deadly weapon,' it is held that those named in the statute need not be described as deadly weapons; but if another than those named in the statute is relied upon as coming within the term 'other deadly weapon,' it must be so averred as to bring it within that designation. *State v. Sebastian,* 81 Mo. 514; *State v. Hoffman,* 78 Mo. 256; *State v. Painter,* 67 Mo. 84; *State v. Porter,* 101 N. C. 713, 7 S. E. 902. The language of this statute is 'with a cowhide, whip, stick, or like thing.' If the instrument used was one mentioned in the statute, the description of it need only disclose that fact; but if, as in this case, it is some other instrument relied upon as coming within the term 'or like thing,' then it must be so set forth as to disclose that it is a like thing to a cowhide, whip, or stick, and it is not sufficient to refer to it as a leather strap. Therefore the information is insufficient to charge the crime defined by section 1766, B. & C. Comp., but it is sufficient to charge the crime of assault and battery."

It will be observed that the Oregon court held the indictment good for assault and battery, as the Alabama court did in the case of *Higginbotham v. State,* 50 Ala. 133. We think it is clear that under our statute, under the strict rules always applied in criminal pleading, especially where a felony is charged, this defendant could not be convicted under this precise statute; the indictment charging that the assault was with "leather bridle reins," and not charging that it was with a cowhide, whip, or stick. In the absence of a charge in the indictment that the

assault and battery was with a whip, or cowhide, or stick, the thing specially named in the statute, it is not possible, within the strictness required by the rules of criminal pleading, to uphold this indictment as a good one for the precise offense denounced by the statute; but we think it is clear, as held in the Oregon case and Alabama case, that this is a good indictment for common assault and battery.

It follows that the judgment sustaining the demurrer is reversed, the demurrer is overruled, the case remanded, and the defendants will be held to answer for assault and battery simply.

*Reversed.*